1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10                                              11CR1270-LAB
11   FRANCISCO XAVIER ROJAS-              CASE NO. 11-CV-2668-LAB
     SANCHEZ,
12                                        **ORDER DENYING 28 U.S.C. §**
                            Petitioner,   **2255 HABEAS PETITION**
13          vs.
14   UNITED STATES,
15                           Respondent.
16

17      Rojas-Sanchez is currently serving a 63-month sentence for conspiracy to import
18   cocaine and methamphetamine.  *See United States v. Rojas-Sanchez*, 11-CR-1270-LAB.
19   Now before the Court is his habeas petition brought pursuant to 28 U.S.C. § 2255, through
20   which he seeks a sentence reduction.  He seeks the reduction on the ground that, due to his
21   alien status, he is ineligible for early release into a halfway house (and other penal benefits)
22   in violation of his Fifth and Fourteenth Amendment rights to due process and equal
23   protection.  This is a familiar claim that aliens make in federal habeas petitions, using (or
24   guided by) what appears to be a form pleading, and the Court has consistently rejected it.
25      To state an equal protection claim, a plaintiff must allege he was treated differently
26   from other similarly situated persons, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S.
27   432, 439 (1985), and deportable aliens are not "similarly situated" to United States citizens.
28   It is not an equal protection violation to allow United States citizen-inmates, who must re-

enter domestic society, to participate in rehabilitative or other programs while denying that privilege to deportable inmates. *See, e.g.*, *Santos v. United States*, 940 F.Supp. 275, 281 (D. Hawaii 1996) (one's status as deportable alien, which may result in ineligibility for less restrictive terms of confinement, cannot justify downward departure; plaintiff failed to state an equal protection claim "because deportable aliens are not 'similarly situated' to United States citizens"). The Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 521-22 (2003).

This Court has previously rejected the claim that an alien's ineligibility for various prisoner programs or benefits violates that person's rights. *See Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D. Cal. 2010); *Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166 (S.D. Cal. 2000).   Those holdings stand.   The purpose of halfway houses is to facilitate the reintegration of prisoners into the community, but prisoners in Rojas-Sanchez's position are released first to the Attorney General and then to a foreign community. Moreover, halfway houses are still custodial institutions wherein prisoners serve out their full sentences, and from which deportable aliens would be a unique flight risk.

No due process or equal protection issue arises merely because a defendant's alien status excludes him from certain programs available to citizens, within the prison system or without.  Accordingly, Rojas-Sanchez's argument that the Court should consider his request for an additional downward departure on that basis is rejected.   His habeas petition is accordingly **DENIED**.  The Court also **DENIES** him a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).


**IT IS SO ORDERED**.

DATED:  January 24, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge